1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                        DISTRICT OF NEVADA
8                              * * *
9   MICHAEL CHARLES MEISLER,          |   Case No. 3:12-cv-00487-MMD-WGC
10                        Plaintiff,    |   ORDER
11      v.                             |
12  NADINE CHRZANOWSKI, et al.,        |
13                        Defendant.    |
14

15          Before the Court is the Report and Recommendation of United States Magistrate

16  Judge William G. Cobb (dkt. no. 14) ("R&R") relating to the screening of Plaintiff Michael

17  Charles Meisler's Complaint (dkt. no. 4) and Plaintiff's Motion to Clarify the Minute

18  Order of November 26, 2012, and Other Relief (dkt. no. 8).  Mr. Meisler has not filed an

19  objection to the R&R.

20          This Court "may accept, reject, or modify, in whole or in part, the findings or

21  recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely

22  objects to a magistrate judge's report and recommendation, then the court is required to

23  "make a *de novo* determination of those portions of the [report and recommendation] to

24  which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however,

25  the court is not required to conduct "any review at all . . . of any issue that is not the

26  subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth

27  Circuit has recognized that a district court is not required to review a magistrate judge's

28  report and recommendation where no objections have been filed. *See United States v.*

1    *Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

2    employed by the district court when reviewing a report and recommendation to which no

3    objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.

4    Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view

5    that district courts are not required to review "any issue that is not the subject of an

6    objection."). Thus, if there is no objection to a magistrate judge's recommendation, then

7    the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F.

8    Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to

9    which no objection was filed).

10       Nevertheless, this Court finds it appropriate to engage in a *de novo* review in

11   order to determine whether to adopt Judge Cobb's R&R. The Court has conducted a *de*

12   *novo* review of the record in this case and finds good cause to adopt Judge Cobb's R&R

13   in full.

14       It is hereby ordered that Magistrate Judge Cobb's Report and Recommendation

15   (dkt. no. 14) is accepted and adopted.

16       It is further ordered that Plaintiff's Motion to Clarify and for Other Relief (dkt. no.

17   8) is denied.

18       The following claims and/or parties are dismissed with prejudice:

19       (a) Defendant Sprint-Nextel, Inc. insofar as it is named as a defendant with

20   respect to Plaintiff's federal claims;

21       (b) Plaintiff's claims under the Fourth Amendment of the United States

22   Constitution and under Article I, section 8(5) of the Nevada Constitution insofar as they

23   are predicated on the allegation that the warrant for his arrest was not supported by

24   probable cause;

25       (c) Plaintiff's claims under the Fourth Amendment of the United States

26   Constitution and under Article I, section 8(5) of the Nevada Constitution insofar as they

27   are predicated on the allegation that his prospective CSLI was obtained without a

28   warrant supported by probable cause;

(d) Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article I, section 18 of the Nevada Constitution insofar as they are predicated on the allegations that the warrant for his arrest was not supported by probable cause and his prospective CSLI was obtained without a warrant supported by probable cause;

(e) Plaintiff's claim that his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution were violated;

(f) Plaintiff's claim that his rights under the Eighth Amendment were violated;

(g) Plaintiff's state law claims for false arrest, false imprisonment, and malicious prosecution;

(h) Plaintiff's state law claim for abuse of process against defendants Jackson and Dustman.

The following claims are dismissed without prejudice:

(a) Plaintiff's federal Fourth Amendment claim related to obtaining his prospective CSLI insofar as it is predicated on an allegation of a conspiracy between defendants Tebo, Sperry and Chrzanowski;

(b) Plaintiff's state law conspiracy claim as to defendant Chrzanowski;

(c) Plaintiff's state law negligence claim; and

(d) Plaintiff's state law abuse of process claim against defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County Sheriff's Department.

The following claims are allowed to proceed:

(a) Plaintiff's claims against defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini and the Douglas County Sheriff's Department under the Fourth Amendment to the United States Constitution and under Article I, section 8(5) of the Nevada Constitution insofar as they are predicated on Plaintiff's allegation that his prospective CSLI was obtained in the absence of a court order;

(b) Plaintiff's claims against defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini and the Douglas County Sheriff's Department under the Due Process Clause of

3

1  the Fourteenth Amendment to the United States Constitution and under Article I, section

2  18 of the Nevada Constitution insofar as they are predicated on Plaintiff's allegation that

3  his prospective CSLI was obtained in the absence of a court order;

4       (c) Plaintiff's state law breach of contract claim against defendant Sprint-Nextel,

5  Inc.;

6       (d) Plaintiff's state law conspiracy claim against defendants Tebo and Sperry.

7       Plaintiff shall have thirty-three (33) days from the date the Clerk mails Plaintiff a

8  copy of this Order to file an amended complaint, remedying, if possible, the defects

9  identified in the Magistrate Judge's Report and Recommendation.  Plaintiff should be

10  advised that pursuant to Local Rule 15-1, if he chooses to file an amended complaint, it

11  shall be complete in and of itself without reference to any previous complaint. Any

12  allegations, parties or requests for relief from prior papers that are not carried forward in

13  the amended complaint will no longer be before the court. Plaintiff should be cautioned

14  that if he fails to file an amended complaint within the time period specified above, the

15  case will proceed as designated above. Plaintiff should clearly title the amended

16  complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in

17  the caption.

18       Upon expiration of the time for Plaintiff to file an amended complaint, the Clerk is

19  ordered to issue the Summons to the remaining defendants.  After the summonses are

20  issued, it is incumbent upon Plaintiff to serve the defendants in accordance with Rule 4

21  of the Federal Rules of Civil Procedure.

22       DATED THIS 24th day of September 2013.

23

24

25  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

26

27

28