**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MICHAEL CHARLES MEISLER,    )   3:12-cv-00487-MMD-WGC
                            )
    Plaintiff,              )   **ORDER**
                            )
vs.                         )
                            )
NADINE CHRZANOWSKI, et. al. )
                            )
    Defendants.             )
                            )

Before the court is Plaintiff's motion to reinstate his petition seeking in forma pauperis status (Doc. # 17)[1] and motion for extension of time to file amended complaint (Doc. # 18).

**I. MOTION TO REINSTATE IN FORMA PAUPERIS APPLICATION**

In his motion to reinstate his application to proceed in forma pauperis, Plaintiff asserts that he originally filed an application to proceed in forma pauperis on September 11, 2012, when he was a pretrial detainee at Douglas County Jail. (Doc. # 17 at 1.) A third-party subsequently advanced the funds for the $350 filing fee. (*Id*.) Despite the payment of the filing fee, Plaintiff states that he is proceeding pro se, and is currently incarcerated with Nevada's prison system, and requires the services of the United States Marshal to serve process on defendants. (*Id*. at 2.) In addition, Plaintiff anticipates needing "additional Court supported costs for interrogatories,

---

[1] Refers to court's docket number.

1

depositions, travel to depositions by indispensable deponents, mailings and such other costs as may be deemed reasonable and necessary[.]" (*Id.*)

Plaintiff did file an application to proceed in forma pauperis on September 11, 2012. (Doc. # 1.) His complaint was submitted on September 24, 2012. (Doc. # 4.) The filing fee was paid on September 28, 2012. (Doc. # 5.) As a result, the Clerk's Office terminated the application for leave to proceed in forma pauperis.

Apart from the filing fee, 28 U.S.C. § 1915 states that an applicant granted in forma pauperis status is entitled to have officers of the court issue and serve process. 28 U.S.C. § 1915(d). Therefore, it appears that Plaintiff may seek in forma pauperis status for this purpose even though the filing fee has been paid.

The current application for in forma pauperis status (Doc. # 1), however, was filed in September of 2012. The application indicates that Plaintiff receives an annuity in the amount of $630.89 per month (Doc. # 1 at 2) and as of September 2012, his average monthly inmate account balance was $489 (Doc. # 1 at 5). While a litigant need not "be absolutely destitute to enjoy the benefits of the statute," the supporting affidavits must show an inability to pay. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948). The filing fee has already been paid, and Plaintiff's current application does not establish an inability to pay fees for service of process. The court recognizes that circumstances may have changed since September 2012. Therefore, Plaintiff's motion to reinstate his application to proceed in forma pauperis is **<u>DENIED WITHOUT PREJUDICE</u>**. Plaintiff may submit an up-to-date application demonstrating an inability to pay the costs associated with service of process.

Plaintiff is not entitled to the other costs he references at public expense, *e.g.*, costs to conduct discovery, including depositions and travel of deponents. *See Dixon v. Ylst*, 990 F.2d

478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses") (quoting *United States v. MacCollum*, 426 U.S. 317, 321 (1976) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]").

## II. MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

Plaintiff asserts that he needs additional time to file an amended complaint following District Judge Miranda M. Du's acceptance of the undersigned's report and recommendation screening his complaint. (Doc. # 18.)

Plaintiff asserts that he is currently an inmate housed at Lovelock Correctional Center (LCC). He cites the inadequacy of LCC's law library and the fact that he has recently engaged the services of a legal assistant to perform legal research and perform word processing services as grounds for granting him an extension of time to file his amended complaint. In addition, he contends that he needs more time to research issues presented by the court's order. Plaintiff states that it is his belief that he will be able to file the amended complaint within forty-five to sixty days, and in no event later than December 26, 2013.

Plaintiff also indicates that it is his intention to "re-incorporate some of the causes of action dismissed with prejudice by alleging new specific facts not available to Pro Se Plaintiff on September 24, 2012, which were only disclosed to Plaintiff on December 5, 2012 during a State District Court Suppression of Evidence Hearing[.]" (Doc. # 18 at 5.)

Because Plaintiff is a prisoner seeking redress from a governmental entity, on May 8, 2013, the undersigned issued a report and recommendation screening Plaintiff's complaint

pursuant to 28 U.S.C. § 1915A. (Doc. # 14.) It was recommended that certain claims and defendants be dismissed with prejudice as well as without prejudice, and that certain claims be allowed to proceed. (*Id.*) District Judge Du adopted the report and recommendation in full on September 24, 2013. (Doc. # 16.) Plaintiff was given thirty-three days from the date a copy of the order was mailed to Plaintiff to file an amended complaint, remedying, if possible, the defects identified in the report and recommendation. The court also notified Plaintiff that upon expiration of the time to file an amended complaint, the Clerk was ordered to issue the Summons to the remaining defendants, and then it would be incumbent upon Plaintiff to serve them in accordance with Federal Rule of Civil Procedure 4. (*Id.* at 4.)

Plaintiff subsequently filed the instant motion seeking an extension of time to file his amended complaint.

The court is willing to afford Plaintiff an extension of time to file an amended complaint. Therefore, Plaintiff's motion (Doc. # 18) is **GRANTED**; however, the court will only grant him an additional forty-five days within which to file his amended complaint. Thus, Plaintiff shall have up to and including **Friday, December 13, 2013**, to file his amended complaint. **THERE WILL BE NO FURTHER EXTENSIONS.**

Plaintiff is once again advised that pursuant to Local Rule 15-1, any amended complaint shall be complete in and of itself without reference to any previously filed complaint. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff should be cautioned that if he fails to file an amended complaint within the time period specified above, the case will proceed as designated in the report and recommendation. Plaintiff should clearly title the amended

complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption.

It should also be noted that Plaintiff was *not* given leave to amend to correct claims dismissed with prejudice. Plaintiff's remedy for challenging the dismissal of claims with prejudice was to file an objection to the report and recommendation (which he did not). Alternatively, he should have sought whatever relief was or may be available with respect to District Judge Du's order adopting the report and recommendation. Therefore, in the absence of an order permitting further amendment, the amended complaint should not contain reference to claims dismissed with prejudice.

### III. CONCLUSION

(1) Plaintiff's motion to reinstate his application to proceed in forma pauperis (Doc. # 17) is **DENIED WITHOUT PREJUDICE**. Plaintiff may submit an up-to-date application demonstrating an inability to pay the costs associated with service of process.

(2) Plaintiff's motion for an extension of time within which to file his amended complaint (Doc. # 18) is **GRANTED** in that Plaintiff shall have up to and including **Friday, December 13, 2013**, to file his amended complaint. **THERE WILL BE NO FURTHER EXTENSIONS.** In the absence of an order permitting further amendment, the amended complaint shall not reference claims previously dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: October 30, 2013.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**