**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL CHARLES MEISLER, | ) 3:12-cv-00487-MMD-WGC |
| | ) |
| Plaintiff, | ) **REPORT & RECOMMENDATION** |
| | ) **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| NADINE CHRZANOWSKI, et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's First Amended Complaint (Doc. # 20)[1] which the court has screened pursuant to 28 U.S.C. § 1915A.[2]

## I. BACKGROUND

Plaintiff filed his original complaint on September 24, 2012, and paid the filing fee on September 28, 2012. (Docs. # 4, # 5.) The court issued a report and recommendation screening

_____

[1]  Refers to court's docket number.
[2]  Plaintiff's address of record is listed as Lovelock Correctional Center, and the relief sought includes redress from governmental entities and their employees. Therefore, the court is required to screen the amended complaint pursuant to 28 U.S.C. § 1915A.

the original complaint on May 8, 2013 (Doc. # 14), which was adopted and accepted by District Judge Miranda M. Du on September 24, 2013 (Doc. # 16).

**A. Status of Claims After Screening of the Original Complaint**

The original complaint was brought under 42 U.S.C. § 1983 and alleged various deprivations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as State law claims related to an arrest in 2011 and the "pinging" of his cellular telephone signal to locate his location without a warrant supported by probable cause or other court order which resulted in Plaintiff's arrest.

Plaintiff named the following defendants in the original complaint: Nadine Chrzanowski (Douglas County Deputy Sheriff), M.A. Munoz (Douglas County Deputy Sheriff), Ted Duzan (Douglas County Deputy Sheriff), Dan Vidovich (a task force law enforcement officer/investigator of the State of Nevada Division of Criminal Investigations); Ron Pierini (Sheriff of Douglas County); Mark B. Jackson (District Attorney of Douglas County); Karen Dustman (Deputy District Attorney of Douglas County); Douglas County; Sprint-Nextel, Inc.; Janice Tebo (alleged victim of the criminal charge brought against Plaintiff and whom Plaintiff alleges provided Plaintiff's telephone number to the Douglas County Sheriff's Office); Laura J. Sperry (alleged to have been in a conspiracy with Janice Tebo to deny Plaintiff's rights). (Doc. # 4 at 1-6.)

The following claims and/or parties were dismissed with prejudice:

(a) Defendant Sprint-Nextel, Inc., insofar as it was named a defendant with respect to Plaintiff's federal claims;

(b) Plaintiff's claims under the Fourth Amendment to the United States Constitution and under Article I, Section 18 of the Nevada Constitution insofar as they were predicated on the allegation that the warrant for his arrest was not supported by probable cause;

(c) Plaintiff's claims under the Fourth Amendment to the United States Constitution and Under Article I, section 18 of the Nevada Constitution insofar as they were predicated on the allegation that his cellular location data was obtained without a warrant supported by probable cause;

(d) Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article I, Section 8(5) of the Nevada Constitution insofar as they were predicated on allegations that the warrant for his arrest was not supported by probable cause and his cellular location data was obtained without a warrant supported by probable cause;

(e) Plaintiff's claim that his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution were violated;

(f) Plaintiff's claim that his rights under the Eighth Amendment of the United States Constitution were violated;

(g) Plaintiff's state law claims for false arrest, false imprisonment, and malicious prosecution; and

(h) Plaintiff's state law claim for abuse of process against defendants Jackson and Dustman.

The following claims were dismissed with leave to amend:

(a) Plaintiff's federal Fourth Amendment claim related to obtaining his cellular location data insofar as it was predicated on an allegation of conspiracy between defendants Tebo, Sperry, and Chrzanowski;

(b) Plaintiff's state law conspiracy claim as to defendant Chrzanowski;

(c) Plaintiff's state law negligence claim; and

(d) Plaintiff's state law abuse of process claim against defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and the Douglas County Sheriff's Department.

The following claims were allowed to proceed:

(a) Plaintiff's claims under the Fourth Amendment to the United States Constitution and under Article I, Section 18 of the Nevada Constitution insofar as they were predicated on the allegation that Plaintiff's cellular location data was obtained in the absence of a court order;

(b) Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article I, Section 8(5) of the Nevada Constitution insofar as they were predicated on Plaintiff's allegation that his cellular location data was obtained in the absence of a court order;

(c) Plaintiff's state law breach of contract claim against Sprint-Nextel, Inc.;

(d) Plaintiff's state law conspiracy claim against defendants Tebo and Sperry.

**B. The First Amended Complaint**

Plaintiff has now filed a First Amended Complaint. (Doc. # 20.)[3]

**1. Defendants**

The First Amended Complaint names the following defendants: Nadine Chrzanowski (Douglas Deputy County Sheriff); M.A. Munoz (Douglas Deputy County Sheriff); Ted Duzan (Douglas Deputy County Sheriff); Dan Vidovich (Task Force Law Enforcement Officer/Investigator of the State of Nevada Division of Criminal Investigations); Ron Pierini

---

[3] The court is aware that Plaintiff has filed an appeal of his underlying criminal conviction with the Nevada Supreme Court, Case 63034. It is not clear what impact, if any, the Nevada Supreme Court's decision will have on this action. As of the date of the issuance of this order no decision has been rendered by the Nevada Supreme Court.

4

(Sheriff of Douglas County); Douglas County; Sprint-Nextel Communications, Inc. (Plaintiff's cellular telephone service provider) (hereinafter, Sprint); Janice Tebo (allegedly provided Plaintiff's cellular telephone number to defendant Chrzanowski); Laura J. Sperry (allegedly conspired with defendant Tebo to deprive Plaintiff of his rights).

### 2. Allegations

Plaintiff's First Amendment Complaint focuses on the fact that his cellular data was allegedly obtained without a warrant or court order. The particular claims asserted by Plaintiff in the First Amended Complaint will be discussed below.

## II. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Fed. R. Civ. P. 8(a)(2).  The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678.  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged.  *Id*. at 682.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  (citation omitted).  "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*.  at 679.

Allegations in pro se complaints, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers[,]'" and must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

"[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc)). A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

## III. SCREENING OF THE FIRST AMENDED COMPLAINT

**A. Claims Asserted Under the United States Constitution and Nevada Constitution**

First, Plaintiff alleges that defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County violated his rights under the Fourth Amendment and Article I, Section 18 of

the Nevada Constitution, as well as his due process rights under the Fourteenth Amendment and Article I, Section 8(5) of the Nevada Constitution, when his cellular data was obtained without a warrant or court order.

Preliminarily, the court points out that Plaintiff's claim that his rights under the Fourth Amendment to the Constitution were violated because the cellular data was obtained *without a warrant* was dismissed with prejudice as the court found the defendants were entitled to qualified immunity. Therefore, this claim is no longer before the court.

Next, Plaintiff mentions the equal protection clause even though this claim was previously dismissed with prejudice. (Doc. # 20 at 10 ¶ 29.) This claim is likewise no longer before the court.

The court finds that Plaintiff states a colorable claim that his rights under the Fourth Amendment of the United States Constitution and Article I, Section 18 of the Nevada Constitution were violated when his cellular data was allegedly obtained without a court order. Plaintiff likewise states a colorable claim under the Due Process Clause of the Fourteenth Amendment and Article I, Section 8(5) of the Nevada Constitution based on the same allegations. These claims are directed to defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County.

Plaintiff then alleges that defendant Tebo, the alleged victim of Plaintiff's crime, provided the name of Plaintiff's cellular telephone provider and his telephone number, without his consent, to defendant Chrzanowski, with knowledge that this would deprive Plaintiff of his constitutional rights. (Doc. # 20 at 10. ¶ 31.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff similarly asserts that Sprint became a willing participant in the plan to deprive Plaintiff of his constitutional rights because it was aware when it forwarded to the Douglas County Sheriff the information that no warrant or court order had been issued. (*Id.* at 11 ¶ 33.)

Plaintiff goes on to allege that defendant Tebo commenced an uninterrupted line of communication with defendant Sperry and devised a plan that would lead to Plaintiff's arrest and incarceration, and provided knowledge of this plan to Chrzanowski.

It appears Plaintiff is once again attempting to assert a federal conspiracy claim against defendants Sprint, Tebo, and Sperry. As the court previously advised Plaintiff, when a private party conspires with state officials to deprive a person of his or her constitutional rights, that party may be deemed to be acting under state law for purposes of 42 U.S.C. § 1983. *See, e.g., Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 432, 441 (9th Cir. 2002)). On screening Plaintiff's original complaint, the court instructed Plaintiff that if he sought to amend his conspiracy claim to implicate non-state actors in his federal constitutional claims, he was required to show an agreement or meeting of the minds to violate Plaintiff's constitutional rights. *See United Steelworkers of Am. V. Phelps Dodge Corp.*, 865 F.3d 1539, 1540-41 (9th Cir. 1989) (en banc).

The court finds that Plaintiff has failed to allege any meeting of the minds between Tebo, Sperry, and/or Sprint and state actor Chrzanowski in the First Amended Complaint. Instead, Plaintiff alleges a meeting of the minds between Tebo and Sperry, but makes no connection between the plan allegedly hatched by Tebo and Sperry and the action of Chrzanowski. He likewise fails to allege any meeting of the minds between Chrzanowski and Sprint. Accordingly,

Plaintiff's federal constitutional claims, as well as any claims under the Nevada Constitution[4] against Tebo, Sperry and Sprint should be dismissed. As Plaintiff has already been given an opportunity to correct the deficiencies noted with respect to this claim, the dismissal should be with prejudice.

Plaintiff states no other claims under the United States Constitution or Nevada Constitution.

**B. State Law Claims[5]**

**1. Conspiracy & Negligence-Tebo and Sperry**

Plaintiff once again alleges that defendants Tebo and Sperry maintained an uninterrupted line of communication from at least November 27, 2011 through the commencement of this lawsuit, and created a plan that would lead to Plaintiff's conviction and incarceration knowing this would violate Plaintiff's rights. (Doc. # 20 at 13.)

As the court found when it screened the original complaint, Plaintiff states a colorable state law claim for civil conspiracy against defendants Tebo and Sperry.

Plaintiff also asserts that this conduct is actionable as a tort under Nevada Revised Statute 41.130. (Doc. # 20 at 13.) Nevada Revised Statute 41.130 provides:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

---

[4]   Plaintiff has similarly failed to allege a conspiracy to violate Plaintiff's rights under the Nevada Constitution between these defendants.

[5]   Plaintiff's State law claims start out with the title "Third Pendant Cause of Action" although it is not preceded by a first or second pendant cause of action. (*See* Doc. # 20 at 13.)

This statute merely provides that a person liable for causing personal injury is liable to the injured person for damages. To the extent Plaintiff seeks to state a negligence claim against Tebo and Sperry, he should be permitted to proceed with this claim.

In his "Fourth Pendant" cause of action, which is really the second state law claim asserted by Plaintiff in the First Amended Complaint, Plaintiff more or less re-alleges the same facts as were alleged in the preceding claim. As stated above, Plaintiff states colorable conspiracy and negligence claims against defendants Sperry and Tebo based on these facts.

### 2. Breach of Contract-Sprint

As he did in the original complaint, Plaintiff alleges that he entered into a contract with Sprint to provide cellular communication services for Plaintiff's cellular telephone, and Sprint breached that contract when it provided Plaintiff's cellular location data to the Douglas County Sheriff's Department to effectuate Plaintiff's arrest in the absence of an exigent circumstances affidavit, warrant or other order. (Doc. # 20 at 15-17.)

As it found originally, Plaintiff states a colorable breach of contract claim against Sprint.

### 3. Negligence-Sprint

Plaintiff alleges that Sprint later sent by facsimile to the Douglas County Sheriff's Department, an "exigent circumstances affidavit" to be executed by a person in authority before any assistance would be provided to law enforcement in locating Plaintiff through his cellular location data. (Doc. # 20 at 18.) Plaintiff contends there is no evidence that the affidavit was ever executed before Sprint obtained Plaintiff's cellular location data and provided this information to law enforcement. (*Id.*) By doing so, Plaintiff claims that Sprint became an active, willing participant in the underlying plan conceived by defendant Chrzanowski and Assistant District

Attorney Dustman to obtain Plaintiff's location without first obtaining a warrant. (Doc. # 20 at 18.) Plaintiff contends Sprint was negligent in conducting itself in this manner. (*Id.* at 18-19.)

Plaintiff states a colorable state law negligence claim against Sprint.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) That Plaintiff be permitted to **PROCEED** with his claim that his rights under the Fourth Amendment to the United States Constitution and Article I, Section 18 of the Nevada constitution were violated by defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County when his cellular data was obtained without a court order;

(2) That Plaintiff be permitted to **PROCEED** with his claim that his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 8(5) were violated by defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County when his cellular data was obtained without a court order;

(3) That Plaintiff's claim that defendants Tebo, Sperry, and/or Sprint-Nextel Communications, Inc. conspired to violate his federal constitutional rights or his rights under the Nevada Constitution be **DISMISSED WITH PREJUDICE**;

(4) That Plaintiff be permitted to **PROCEED** with his state law claim for civil conspiracy against defendants Tebo and Sperry;

(5) That Plaintiff be permitted to **PROCEED** with this state law negligence claim against defendants Tebo and Sperry;

(6) That Plaintiff be permitted to **PROCEED** with his state law breach of contract claim against Sprint-Nextel Communications, Inc.; and

(7) That Plaintiff be permitted to **<u>PROCEED</u>** with his state law negligence claim against Sprint.

Plaintiff should be advised that upon the issuance of an order adopting and accepting this report and recommendation, Plaintiff must have each defendant served with a summons and the First Amended Complaint within 120 days. Fed. R. Civ. P. 4(m).

The court acknowledges that Plaintiff was not granted in forma pauperis status because he paid the filing fee and that Plaintiff subsequently sought to obtain in forma pauperis status for the purpose of effectuating service of the complaint. (Doc. # 17.) The court denied the subsequent application as it was out of date, but permitted Plaintiff to submit a renewed, up-to-date application demonstrating an inability to pay the costs associated with service of process. (Doc. # 19.) Plaintiff has yet to do so. Plaintiff is advised that if he seeks to obtain in forma pauperis status for the purpose of effectuating service he must submit his renewed application forthwith.

///

///

///

///

///

///

///

///

///

///

Plaintiff should also be aware of the following:

1.      That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: February 24, 2014.


_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**