UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL CHARLES MEISLER,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>NADINE CHRZANOWSKI, *et al*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:12-cv-00487-MMD-WGC<br><br>ORDER<br><br>(Report and Recommendation<br>– dkt. no. 21) |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 21) ("R&R") regarding the screening of Plaintiff Michael Charles Meisler's First Amended Complaint ("FAC") (dkt. no. 20). The R&R recommends that the Court permit some of Plaintiff's claims to proceed and dismiss Plaintiff's remaining claims with prejudice. (Dkt. no. 21 at 12-13.) Objections to the R&R were due by March 13, 2014. No objection was filed. For the reasons set out below, the R&R is accepted and adopted in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's

report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt the R&R's recommendation. Upon reviewing the R&R and underlying briefs, this Court finds good cause to adopt the R&R in full. Plaintiff filed the Complaint on September 24, 2012. (Dkt. no. 4.) The Complaint was screened by Judge Cobb (dkt. no. 14) and several claims were dismissed. (Dkt. no. 16.)

Plaintiff then filed the FAC remedying many of the problems identified by the first R&R. (Dkt. no. 20.) The FAC asserts several constitutional violations. (*Id.* at 9-13.) The FAC alleges that Defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini and Douglas County violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article 1, Section 18 of the Nevada Constitution, as well as his due process rights under the Fourteenth Amendment to the United States Constitution and Article 1, Section 8(5) of the Nevada Constitution, when his cellular data was obtained without a warrant or court order. (Dkt. no. 20 at 9-11 ¶¶ 28-34.)

However, Plaintiff's Fourth Amendment and Fourteenth Amendment due process claims, with regard to Plaintiff's allegations that his cellular data was obtained *without a warrant*, were previously dismissed with prejudice. (Dkt. no. 16 at 2-3.) Therefore, these two claims are no longer before the Court.

///

1  With respect to Plaintiff's Fourth Amendment and Fourteenth Amendment due
2  process claims based on allegations that Plaintiff's cellular data was obtained *without a*
3  *court order*, the R&R found that Plaintiff stated a colorable claim. (Dkt. no. 21 at 8.) The
4  Court agrees.

5  Plaintiff also attempts to allege that a conspiracy to violate these constitutional
6  rights existed between Defendants Tebo, Sprint, and Sperry. (Dkt. no. 20 at 10-11 ¶¶ 31-
7  34.) On screening Plaintiff's original Complaint, Judge Cobb informed Plaintiff that, in
8  order to state a claim for constitutional violations pursuant to 42 U.S.C. § 1983 against
9  non-state defendants based on an alleged conspiracy, Plaintiff would need to show a
10 meeting of the minds with state officials to violate Plaintiff's constitutional rights. (Dkt. no.
11 14 at 7-9.) Although Plaintiff has alleged a meeting of the minds between Tebo and
12 Sperry, there is no alleged meeting of the minds between state actor Chrzanowski and
13 any of these Defendants. (Dkt. no. 20 at 12 ¶ 40.) Plaintiff has already been given an
14 opportunity to amend this claim and has failed to do so (*see* dkt. no. 16), thus the Court
15 agrees with the R&R that this claim should be dismissed with prejudice.

16 The FAC makes several claims under state law as well. (Dkt. no. 20 at 13-20.)
17 Plaintiff alleges that Defendants Tebo and Sperry maintained an uninterrupted line of
18 communication to create a plan that would result in the arrest and incarceration of
19 Plaintiff. (*Id.* at 13.) The Court agrees with the R&R that Plaintiff has stated a colorable
20 claim for conspiracy between Tebo and Sperry.

21 Next, Plaintiff alleges, as he did in his original complaint, that his contract with
22 Sprint was breached when Sprint provided personal information to the police without first
23 receiving a warrant or court order. (*Id.* at 14-17.) The Court agrees with the R&R that
24 Plaintiff has stated a claim for breach of contract against Sprint.

25 Lastly, Plaintiff alleges that Sprint requested an exigent circumstances affidavit,
26 but that there is no evidence that an affidavit was ever received by Sprint before it
27 provided law enforcement with Plaintiff's cellular location data. (*Id.* at 18.) Plaintiff alleges
28 that Sprint was negligent in failing to verify the receipt of this affidavit before providing

the data. (*Id.* at 18-19 ¶ 63.) The Court agrees with the R&R that Plaintiff has stated a claim for negligence against Sprint.

It is hereby ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 21) is accepted and adopted in its entirety.

It is further ordered that Plaintiff may proceed with his claim that his rights under the Fourth Amendment to the United States Constitution and Article I, Section 18 of the Nevada Constitution were violated by Defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County when his cellular location was obtained without a court order.

It is further ordered that Plaintiff may proceed with his claim that his rights to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 8(5) of the Nevada Constitution were violated by Defendants Chrzanowski, Munoz, Duzan, Vidovich, Pierini, and Douglas County when his cellular location was obtained without a court order.

It is further ordered that Plaintiff's claim that Defendants Tebo, Sperry, and Sprint conspired to deprive him of his federal constitutional rights or his rights under the Nevada Constitution be dismissed with prejudice.

It is further ordered that Plaintiff may proceed with his claim of civil conspiracy against Defendants Tebo and Sperry.

It is further ordered that Plaintiff may proceed with his state law negligence claim against Defendants Tebo and Sperry.

It is further ordered that Plaintiff may proceed with his state law breach of contract claim against Defendant Sprint.

It is further ordered that Plaintiff may proceed with his state law negligence claim against Defendant Sprint.

///
///
///

1 | Plaintiff is advised that he must serve summons and a copy of the First Amended
2 | Complaint within 120 days. Fed. R. Civ. P. 4(m).

Dated this 28th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE