UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL CHARLES MEISLER, | ) | 3:12-cv-00487-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 32** |
| NADINE CHRZANOWSKI, et al., | ) | |
| Defendants. | ) | |

Before the court is Doc. # 32,[1] Plaintiff's motion requesting the court to issue a subpoena to require an alleged employer/former employer of Defendant Janice Tebo[2] to disclose Defendant Tebo's current address so that Plaintiff may effect service of his amended complaint on her.

Plaintiff's action against defendant Tebo is predicated upon a state law conspiracy claim as to Defendants Janice Tebo and Laura Sperry (Defendant Sperry supposedly conspired with Janice Tebo to violate his rights). (Doc. # 21). Plaintiff states a process server he has retained advised him Ms. Tebo "cannot be located." (Doc. # 32 at 2-3.) Plaintiff contends Ms. Tebo "is an indispensable party defendant, not only to the Federal claims presented but specifically as to the Second and Third Pendant Causes of Action." (*Id.,* at 3-4.) While the court has skepticism that Ms. Tebo is an "indispensable party," as Plaintiff characterizes her (Doc. # 21 at 3-5, 9, 10-11), the court does not need to reach that issue at this time.[3]

---

[1] Refers to court's docket number.

[2] Identified by Plaintiff as "Starbucks Coffee Shop, Topsy Lane, Suite 410, Douglas County, Nevada." (Doc. # 32-1 at 1.)

[3] As this court noted in its Report and Recommendation (Doc. # 21), Plaintiff's First Amended Complaint "focuses on the fact that his cellular data was allegedly obtained without a warrant or court order." (*Id*., at 5; Report and Recommendation adopted by District Judge Miranda M. Du, Doc. # 22.) The federal claims against Ms. Tebo were dismissed and Plaintiff was allowed to proceed only on his common law conspiracy claims against Ms. Tebo. (*Id*., at 3-4.) Therefore, Plaintiff's characterization of Ms. Tebo as an indispensable party is suspect but again, need not be further addressed for the purposes of this order.

The court takes notice that Plaintiff was convicted of aggravated stalking of Ms. Tebo, a violation of Nev. Rev. Stat. 200.575(2). He was sentenced to prison for a term of 12 years, with parole eligibility after 2 years. The Nevada Supreme Court affirmed Plaintiff's conviction. *Meisler v. State*, 321 P.3d 930 (Nev. 2014). The Supreme Court's decision also noted that the protective order was issued by Ninth Judicial District Court, Douglas County, Nevada, where Plaintiff was convicted. The protective order was not part of the Supreme Court's decision. It was, however, entered into the docket of the Ninth Judicial District Court as part of Mr. Meisler's Amended Judgment of Conviction. The court takes judicial notice of the District Court's twenty year Extended Protection Order contained in the Amended Judgment of Conviction, a copy of which is attached to this order as Exhibit 1. Under the terms of the Extended Protection Order, Plaintiff is precluded from contacting Ms. Tebo "for any reason, directly or indirectly, or through any third party." (*Id*., at p. 2.)  Any intentional violation of this order, the District Court ruled, would constitute a "category C felony." (*Id*., at 2, ¶ d.)

Because of the conviction of aggravated stalking of Ms. Tebo, and because of the terms of the District Court's protective order, this court declines to issue a subpoena which might disclose to Plaintiff the current address and whereabouts of the victim.  Until the Plaintiff can secure a modification of the Amended Judgment of Conviction, this court will not allow the issuance of a subpoena which would appear to enable Plaintiff, even indirectly, to contact Ms. Tebo "for any reason."

Plaintiff's motion (Doc. # 32) is **DENIED.**

**IT IS SO ORDERED.**

DATED: March 18, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2

**Exhibit 1**

CASE NO.    12-CR-0055

DEPT. NO.   II

2013 MAY 22 PM 3: 14

DOUGLAS COUNTY
DISTRICT COURT CLERK

IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF DOUGLAS

THE STATE OF NEVADA,

    Plaintiff,

vs.

MICHAEL CHARLES MEISLER,

    Defendant,
_____/

AMENDED
JUDGMENT OF CONVICTION

    On the 18th day of January 2013, the defendant above-named appeared before the Court with stand-by counsel, Kristine L. Brown, and was found GUILTY BY JURY VERDICT of the crime of AGGRAVATED STALKING, a category B felony, in violation of NRS 200.575(2) committed between November 14, 2011 through December 15, 2011.

    On the 11th day of March 2013, the defendant above-named appeared before the Court for sentencing with counsel, Kristine L. Brown and the State was represented by Thomas Gregory.  No sufficient legal cause was shown by the defendant as to why judgment should not be pronounced against him.  The Court adjudged the defendant guilty of the crime of AGGRAVATED STALKING, a category B felony, in violation of

NRS 200.575(2).

The Court then sentenced the defendant to imprisonment with the Nevada Department of Corrections for a maximum term of one-hundred forty four (144) months with a minimum parole eligibility of forty eight (48) months.

The Court further ordered the defendant be subject to an Extended Protection Order for a period of twenty (20) years and follow the conditions set forth in NRS 200.591(2),(5) and (7) as follows:

    a) you shall stay away from the home, school, business or place of employment of the victim, Janice Tebo, including all Starbucks' Stores in Carson City, Minden, and Gardnerville, Nevada, and her residence in the same cities or towns, and,

    b) you shall refrain from contacting, intimidating, threatening or otherwise interfering with the victim, Janice Tebo, and her family members Max Tebo and James Petrolia.

    c) you shall not contact any of the persons named in subparagraph (b) for any reason, directly or indirectly, or through any third-party, or through any form of electronic communication, nor come within one-hundred (100) yards of them personally.

    d) Any intentional violation of this Extended Order is a category C felony and subjects you to immediate arrest, and you will not be admitted to bail sooner than twelve (12)

hours after your arrest if there is a direct or indirect threat of harm, or you have previously violated a temporary or extended order of protection, or at the time of the violation or within two (2) hours after the violation, you have a blood or breath alcohol level of 0.08 or more, or a prohibited substance in your blood or urine in an equal or greater than the amount set forth in NRS 484C.110(3).

The defendant shall submit to genetic testing and pay the sum of one hundred fifty dollars ($150.00) to the District Court Clerk as a fee for obtaining and testing samples of blood and saliva to determine genetic markers.

The defendant shall reimburse Douglas County five-hundred dollars ($500.00), for court appointed counsel fees, payable through the District Court Clerk's Office.

The Court imposed an Administrative Assessment Fee in the amount of $25.00, payable through the District Court Clerk's Office.

All fees imposed upon the defendant shall be paid in full within six (6) months after his release from incarceration.

//
//
//
//
//
///

The defendant is given credit for four-hundred fifty three (453) days pre-sentence confinement time.

Dated this 22 day of May, 2013

_____
MICHAEL P. GIBBONS
DISTRICT JUDGE