UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CHARLES MEISLER, ) | 3:12-cv-00487-MMD-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| vs. ) | |
| ) | April 15, 2015 |
| NADINE CHRZANOWSKI, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Ex Parte Motion Seeking the Court to Accept a Prepaid Telephone Call." (Doc. # 54.[1])  For the reasons stated in this Order, Plaintiff's *ex parte* motion is denied.

As grounds for his request for the court to accept weekly calls from the Plaintiff, Mr. Meisler avers that under Nevada Department of Corrections (NDOC) rules and regulations, a call which he makes from his segregated housing unit to the Clerk's Office does not qualify as a "privileged call." He argues that a call to the Clerk of the Court, as an official of the court, should be privileged and not monitored.  Plaintiff also represents that a call made to the Judge's Chambers is considered "exempt" as it is legal in nature and is not recorded (*id.,* at 6-7). Plaintiff avers that calls to Chambers are exempted and he can make those calls in unlimited quantity.[2]

Plaintiff has apparently grieved this "discriminatory" policy to the Nevada Department of Corrections (*id*., at 5-6). Plaintiff submits that if he had still been a practicing attorney and not an incarcerated inmate, a call to the District Judge's or Magistrate Judge's chambers would supposedly be in the regular course of his daily activities as a trial attorney (*id* at 6). Pending a resolution of that grievance, he requests that the offices of District Judge Du and Magistrate Judge Cobb accept the prepaid calls from him so that "he can ascertain the status of his pending case." Plaintiff suggests that he be permitted one 7 minute prepaid call to Chambers per week. (*Id*., at 6-7.)

---

[1] Refers to court's docket number.

[2] Plaintiff states that on April 7, 2015, he attempted 27 prepaid calls between his cell and the chambers of District Judge Miranda M. Du and Magistrate Judge William G. Cobb (*id*., at 4).

MINUTES OF THE COURT
3:12-cv-00487-MMD-WGC
Date: April 15, 2015
Page 2

Despite Plaintiff's representations to the contrary, the court does not accept routine phone calls from attorneys about cases in which they may be involved. Local Rule 7-6 (a) states that "[n]either party nor counsel for any party shall make an *ex parte* communication with the Court except as specifically permitted by these Rules." The phone calls to Chambers Plaintiff has made and seeks authorization to continue to make are simply not authorized under the Local Rules, particularly on an *ex parte* basis. **The Plaintiff is directed to cease making telephone calls to Chambers as they will not be accepted. Plaintiff will be subject to sanctions if he continues this practice**.

Plaintiff's motion also pertains to subject matter outside the purview of his First Amended Complaint (FAC). As this court noted in its Report and Recommendation (Doc. # 21), Plaintiff's FAC "focuses on the fact that his cellular data was allegedly obtained without a warrant or court order." (*Id*., at 5; Report and Recommendation adopted by District Judge Miranda M. Du, Doc. # 22.) The issues Plaintiff complains of in his motion, i.e., NDOC restrictions on his access to the courts, is unrelated to the issues complained of in his civil rights complaint. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive-type relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Plaintiff has not set forth any relationship between the NDOC restrictions on phone calls and the claims currently pending in this action. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Thus, Plaintiff's motion should be denied for this additional reason.[3]

Plaintiff's motion (Doc. # 54) is **DENIED.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
        Deputy Clerk

---

[3] Plaintiff's motion also contends his "legal mail" has been "seized or destroyed by NDOC officials" and that "critical deadlines have been missed...." (Doc. # 54 at 2). Plaintiff does not identify what deadlines have been missed. Regardless, these complaints are also beyond the scope of Plaintiff's FAC and will not be entertained by the court via Plaintiff's motion.