1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **DISTRICT OF NEVADA**

6

7 MICHAEL CHARLES MEISLER,           )           3:12-cv-00487-MMD-WGC
                                     )
8           Plaintiff,               )           **ORDER**
                                     )
9     vs.                            )           **re: Doc. # 60**
                                     )
10 NADINE CHRZANOWSKI, et al.,        )
                                     )
11          Defendants.              )
   _____  )

12

13      Before the court is Plaintiff's "Motion to Clarify, Modify and/or Set Aside the Orders of

14 April 10, 2015, Dockets 52 and 53." (Doc. # 60.)[1]  Although a party cannot use a motion to reconsider

15 to merely reargue its case (*see, Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892,

16 899 (9th Cir. 2001)), the court will address Plaintiff's motion with respect to this court's orders in Doc.

17 ## 52 and 53.

18 Doc. # 52: Order re Plaintiff's Motion to Authorize Service of Process by Publication of Summons

19      Insofar the court's order denying Plaintiff's motion (Doc. # 44) to allow service by publication

20 on Defendant Tebo (Doc. # 52) is concerned, Plaintiff's current motion provides the court no valid

21 reason or justification as to why its order of April 10, 2015 should be rescinded or modified.[2]

22 Doc. # 53: Order re Plaintiff's Motion to Modify Court Order (# 43)

23      Doc. # 53 addressed Plaintiff's motion (Doc. # 50) regarding service on Defendant Vidovich.

24 The court granted Plaintiff's request to extend the time to serve Defendant Vidovich, and Plaintiff was

25

26      [1] Refers to court's docket number.

27      [2] The court previously declined to allow issuance of a subpoena to Defendant Tebo's former employer because of,
   among other reasons, an extended protective order the State District Court entered when sentencing Plaintiff Meisler which
28 prohibited any form of contact by Meisler with Tebo. (Doc. # 35 at 2: Meisler is precluded from contacting Ms. Tebo "for
   any reason, directly or indirectly, or through a third party.")  Meisler represented he would seek a modification of the
   Amended Judgment of Conviction to allow such contact (i.e., the employer subpoena). (Doc. # 42 at 4.)  It does not appear
   Plaintiff has done so. This "no contact" provision was also of concern to the court in denying service by publication. (Doc.
   # 52 at 3-4.)

1  afforded until June 23, 2015, to effect personal service on Vidovich.

2       The court's order denied (without prejudice) Plaintiff's vaguely stated request to serve Vidovich

3  by publication.[3] The record reflects that after the court granted Plaintiff the extension he sought to serve

4  Vidovich, Plaintiff made another motion to extend the deadline for service on Vidovich (Doc. # 66),[4]

5  which the court granted in Doc. # 71.

6       Unlike this court's comprehensive order denying Plaintiff's request to serve Defendant Tebo by

7  publication (Doc. # 52), the court's order extending time for service (Doc. # 53) did not address in detail

8  Plaintiff's peripheral comments regarding service by publication on Defendant Vidovich.  The court

9  denied Plaintiff's request for service by publication without prejudice. However, the docket does not

10  reflect any subsequent attempt by Plaintiff, with respect to any request to serve Vidovich by publication,

11  to comply with Fed. R. Civ. P. 4(e)(1) and the corresponding Nevada Rule of Civil Procedure governing

12  service by publication, Nev. R. Civ. P. 4(e)(1)(i). See, Order, Doc. # 52 at 4-11.

13       Next, Plaintiff's motion contains equally obtuse comments about a default against "Sprint-

14  Nextel, Inc." (Doc. # 60 at 6.)[5]  Plaintiff's attention is directed to this court's recent comprehensive order

15  on service on this putative entity in Doc. # 70, wherein the court concluded:

16       Plaintiff's motions are defective in that the entity against which he seeks a default
         (Sprint-Nextel, Inc.) is not the entity Plaintiff has identified in his amended complaint,
17       Sprint-Nextel Communications, Inc. The motions are further defective by failing to
         reflect proper service upon the resident agent, whatever the correct corporate entity may
18       be.

19  Doc. # 70 at 3:5-8.

20       Last, although Plaintiff's motion is not titled a request for the undersigned to recuse himself,

21  Plaintiff's motion at p. 6 (¶ 13) contends the undersigned "has developed a bias against the Plaintiff and

22  Plaintiff suggests he should recuse himself from his administrative position in this case." The court is

23  not going to consider Plaintiff's one paragraph in a motion which is specifically addressed to two orders

24

25       [3] Plaintiff's motion (Doc. # 50) sought to modify an earlier order (Doc. # 43) to allow service by publication on
     Vidovich. The court's previous order (Doc. # 43), however, interpreted Plaintiff's motion for enlargement of time (Doc. # 42)
26   as only pertaining to Defendant Tebo.

27       [4] Plaintiff's handwritten motion (Doc. # 66) bears a purported signature date of April 12, 2015, but was not filed
     until June 18, 2015.

28       [5] The request for default against "Sprint-Nextel, Inc." was not addressed in either Doc. # 52 or Doc. # 53.

2

1  which Plaintiff sought to modify or set aside, neither of which pertained to any argument for recusal.

2  Any such motion for recusal should be filed separately and must properly document the basis for the

3  alleged "bias."[6]

4      The court would note, however, in case Plaintiff decides to pursue any "bias" claim, it has been

5  frequently held that a court's rulings against a party are insufficient to establish a "bias."  28 U.S.C.

6  § 455(a) provides in relevant part that "[a]ny justice, judge or magistrate judge of the United States shall

7  disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The

8  reach of [§ 455(a)] is broad. It forbids partiality whether grounded in an 'interest or relationship' or a

9  'bias or prejudice'; and it forbids not only the reality of partiality but its objective appearance as well."

10  *United States v. Snyder*, 235 F.3d 42, 45 (1st, Cir. 2000) (quoting *Liteky v. United States*, 510 U.S. 540,

11  548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).

12      "Nevertheless, judges are not to recuse themselves lightly under § 455(a)." *Id.*  Disqualification

13  is appropriate "only when the charge is supported by a factual basis, and when the facts asserted 'provide

14  what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting

15  the judge's impartiality.'" *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001) (quoting *In re*

16  *United States*, 666 F.3d 690, 695 (1st Cir. 1981)) (footnote omitted). Therefore, "'[t]he trial judge has

17  a duty not to recuse himself or herself if there is no objective basis for recusal.'" *Fideicomiso de la*

18  *Tierra del Cano Martin Pena v. Fortuno*, 631 F. Supp. 2d 134, 136 (D. P.R. 2009) (quoting *In re United*

19  *States*, 441 F.3d 44, 67 (1st Cir. 2006)).

20      The recusal statute of the United States Code, discussed above, 28 U.S.C. § 455, as well as

21  28 U.S.C. § 144, require a factual showing, typically at least an affidavit, which demonstrates facts and

22  reasons showing the assigned judge has a personal bias and prejudice against the movant. *Hussein v.*

23  *University and Community College System of Nevada*, Nos.: 3:04-cv-0455-JCM (GWF) and 3:05-cv-

24  0076-JCM (GWF), 2010 WL 3385298 (D. Nev. 2010). In the instant case, the Plaintiff has presented

25  no objective, reasonable basis for doubting this court's impartiality or its ability to adjudicate this matter

---

26

27  [6] Plaintiff is reminded that a *separate* document should be filed for *each* type of document or purpose. Motions should only ask for one type of unrelated relief.  Thus, Plaintiff has impermissibly joined into one motion a request for reconsideration of two distinct court orders, that the magistrate judge recuse himself, that a default be entered and that service

28  by publication should be permitted against one or more defendants.

fairly. Plaintiff's recusal argument is solely based on certain orders the court has entered which are adverse to Plaintiff.

To the extent Plaintiff's motion can be interpreted as a motion to recuse, the motion is denied.

**CONCLUSION**

The court deems there is no basis to either clarify, modify and/or set aside the court's orders in Doc. ## 52 and 53.  Plaintiff's motion (Doc. # 60) is **DENIED.**[7]

**IT IS SO ORDERED.**

DATED:  August 21, 2015.

William G. Cobb
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff is reminded that pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, a party may file objections to a magistrate judge's orders which the party believes are clearly erroneous or contrary to law. Such objections must be filed within fourteen (14) days of receipt of the court order.