UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL CHARLES MEISLER,

    Plaintiff,

v.

NADINE CHRZANOWSKI, et al.,

    Defendant.

Case No. 3:12-cv-00487-MMD-WGC

ORDER

**I.   SUMMARY**

Before the Court is Defendants Nadine Chrzanowski, M.A. Munoz, Ted Duzan, Ron Perini, and Douglas County's ("Douglas County Officials") Motion to Dismiss (Dkt. no. 38.) The Court has reviewed Plaintiff Michael Charles Meisler's ("Meisler") response (dkt. no. 56) and Douglas County Officials' reply (dkt. no. 62).[1] For the reasons stated below, the Motion to Dismiss is granted.

**II.   BACKGROUND**

In December 2011, Meisler was arrested for aggravated stalking. (Dkt. no. 38 at 3.) Douglas County Officials used Meisler's cell phone GPS data to locate and arrest him. (*Id.*) Meisler originally filed a Complaint in September 2012, asserting a number of claims against Douglas County Officials and several other defendants. (Dkt. no. 4.) This Court adopted a Report and Recommendation from Magistrate Judge William G. Cobb

---

[1] Meisler's response is 60 pages long, in violation of LR 7-4, which limits briefs and responses to 30 pages. Even though Meisler is acting pro se, he is still bound by the procedural rules of this Court. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam)

dismissing several of the claims. (Dkt. no. 16.) Meisler then filed his First Amended Complaint in December of 2013. (Dkt. no. 20.) Once again, this Court adopted Judge Cobb's Report and Recommendation eliminating additional claims. (Dkt. no. 22) Meisler's remaining claims against Douglas County Officials center on the allegation that accessing Meisler's GPS coordinates in order to locate and arrest him was a violation of Meisler's Fourth and Fourteenth Amendment rights and the corresponding protections of the Nevada State Constitution.[2] (Dkt. no. 20 at 9-11.)

Douglas County Officials argue that these remaining claims must be dismissed because the Nevada Supreme Court upheld Meisler's conviction and specifically addressed the arguments raised in this action.

### III. DISCUSSION

#### A. Rule 12(b)(6) Legal Standard

On a Rule 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law

---

[2] Article 1, Section 18 of the Nevada Constitution is nearly identical to the Fourth Amendment, and Nevada courts have not recognized any meaningful distinctions between the two. See *Cortes v. State*, 260 P.3d 184, 190-91, n. 6 (Nev. 2011). Consequently a decision that Meisler's Fourth Amendment rights were not violated includes the corollary that his Nevada State Constitutional rights were not violated.

and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

The Court also notes the well-established rule that pro se complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.     Collateral Estoppel

§ 1983 plaintiffs are estopped from re-litigating Fourth Amendment claims that have already been decided in criminal trials in state court. *See Allen v. McCurry*, 449 U.S. 90, 105 (1980).

Meisler challenged the constitutionality of Douglas County Officials' use of GPS data to locate him on a direct appeal of his criminal conviction. The Nevada Supreme Court held that because an arrest warrant existed, authorities acted within the bounds of the Fourth Amendment when they retrieved Meisler's GPS coordinates. *Meisler v. State*, 321 P.3d 930, 933 (Nev. 2014). Specifically, the court determined that "Meisler's Fourth Amendment rights were not violated because law enforcement procured a valid arrest warrant before requesting his phone's GPS coordinates." *Id.* at 932.

Meisler argues that the Nevada Supreme Court was "deluded" by the "smoke and mirrors argument presented by the District Attorney." (Dkt. no. 56 at 9.) However, if Meisler is dissatisfied with the adequacy of his criminal proceedings, the appropriate means to challenge them is by seeking a writ of habeas corpus. Meisler cannot re-litigate an issue he lost on direct appeal via § 1983. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990).

Meisler also argues that the Nevada Supreme Court did not reach the issues in his § 1983 claim, including a violation of his right to privacy. (Dkt. no 56 at 49.) But his reading of the Nevada Supreme Court's opinion is incorrect. The Nevada Supreme Court held that the existence of an arrest warrant undermines any privacy interest in

geolocation data. The court approvingly cited *In re Smartphone Geolocation Data Application*, 977 F. Supp. 2d 129 (E.D.N.Y. 2013), which held that in the context of executing an arrest warrant, "[t]he Fourth Amendment cannot accord protection to geolocation data associated with a defendant's cell phone while denying such protection against a physical invasion of his home, as the latter is entitled to the highest order of defense." *Id.* at 147. In other words, the existence of a valid arrest warrant, which would allow officers into Meisler's home, also allowed officers the lesser intrusion of access to GPS data from his phone.

Douglas County Officials' argument that Meisler's only remaining claim against them is collaterally estopped is correct. Accordingly, Meisler has failed to state any claims against Douglas County Officials for which relief could be granted, and their motion to dismiss is granted.

**IV.   CONCLUSION**

It is therefore ordered that Douglas County Officers' Motion to Dismiss (dkt. no. 38) is granted. The Clerk is instructed to enter judgment in favor of these Defendants.

The remaining claims are state law claims for civil conspiracy, negligence, breach of contract against Defendants Janice Tebo, Laura J. Sperry and Sprint-Nextel, Inc. The Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c). It is therefore ordered that the remaining claims against Defendants Janice Tebo, Laura J. Sperry and Sprint-Nextel, Inc. are dismissed without prejudice.

It is further ordered that the remaining pending motions (dkt. nos. 46, 51, 78) are denied as moot.

The Clerk is directed to close this case.

ENTERED THIS 16th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE